```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
VERONICA MADDY, on behalf of herself and all others                 :
similarly situated,                                                 :
                                                                    :
                                                                    :       1:22-cv-3936-GHW
                                            Plaintiff,              :
                                                                    :             ORDER
                    -against-                                       :
                                                                    :
                                                                    :
ASH & ERIE, INC,                                                    :
                                                                    :
                                            Defendant.              :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2022

GREGORY H. WOODS, United States District Judge:

On May 14, 2022, Plaintiff filed this civil rights action, alleging that the Defendant failed to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Dkt. No. 1. On May 16, 2022, the Court scheduled an initial pre-trial conference to be held on August 26, 2022 and directed the parties to submit a joint letter and Proposed Civil Case Management Plan and Scheduling Order no later than August 19, 2022. Dkt. No. 6. The parties did not provide those materials by the August 19, 2022 deadline. The Court entered an order on August 22, 2022 directing the parties to provide the materials forthwith. Dkt. No. 7. On August 22, 2022, the Plaintiff submitted a motion seeking to adjourn the initial pretrial conference for failure to effectuate service on the Defendant. Dkt. Nos. 8, 9. The Court entered an order directing Plaintiff to either file proof of service or to show cause why Plaintiff's claims against Defendant should not be dismissed for failure to serve process within the time allowed under Rule 4(m) of the Federal Rules of Civil Procedure by August 29, 2022. Dkt. No. 10. Plaintiff has not complied with the Court's orders.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a

court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of plaintiff's failures; (2) whether plaintiff has received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

It has been over three months since this case was filed and Plaintiff has failed to comply with the Court's orders. Furthermore, Plaintiff has not filed proof of service or requested an extension of the August 12, 2022 deadline for service. Because "Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of Plaintiff's failure to comply with this Court's orders, the Court does not believe that any lesser sanction other than dismissal would be effective. However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to

defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 30, 2022

_____
GREGORY H. WOODS
United States District Judge